IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DEPAKOTE: ) | |
| ) | |
| RHEALYN ALEXANDER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 12-CV-52-NJR-SCW |
| ) | |
| ABBOTT LABORATORIES, INC., ) | LEAD CONSOLIDATED CASE |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This Court currently has 129 cases, involving approximately 698 plaintiffs, pending on its docket directly related to the Depakote litigation. The first cases were filed in state court in 2010 and removed to federal court on January 18, 2012. (Doc. 1).[1] Cases continue to be filed each month with the last case being filed, as of the date of this Order, on August 18, 2016. *See Spano et al., v. Abbott Laboratories, Inc. et al.,* No. 16-cv-00930 (S.D. Ill. 2016). To facilitate the resolution of the vast number of outstanding cases, the Court employed the "bellwether" approach, selecting representative cases for fast-track trials thereby allowing the parties to assess the relative strengths and weaknesses of the evidence and the value of the remaining claims.

One bellwether case, *D.W.K., a Minor by Mary Kaleta and Daniel Kaleta, Individually and as Parents and Next Friends of D.W.K., v. Abbott Laboratories, Inc.*, No. 14-cv-847 (S.D. Ill. 2014), was tried in this Court in March 2015. The trial, which involved only one plaintiff, proceeded

---

[1] Upon filing, the cases were assigned to District Judge G. Patrick Murphy. Upon his retirement in December 2013, the cases were reassigned to District Judge David R. Herndon. Upon the undersigned's appointment to the bench in May 2014, Judge Herndon immediately reassigned the mass action to the undersigned District Judge (*see* Doc. 285).

for approximately fifteen court days before the jury reached a verdict. Two additional "bellwether" cases are set for trial in October 2016, and one bellwether is scheduled to begin in November 2016. (*see* Doc. 392) (setting the trials of: (1) H.B. and parent Stacy Bartolini, 12-cv-0053; (2) T.C. and parent Kayla Rose McGuinness-Colon, 12-cv-0694; and (3) E.R.G. and parent Christina Raquel, 12-cv-0055).

As this Court noted in its Order dated July 6, 2016 (Doc. 485), the bellwether process and global settlement efforts have failed. Given the number of litigants in this case, trying cases one plaintiff at a time is not a feasible option.[2] Indeed, the parties have previously proposed joining cases according to the common issues of fact and law. (Docs. 2, 282, 287).

The Court intends to hold joint trials as to common issues of fact and law to the maximum extent possible. To facilitate the identification of common issues, the Court ordered the parties to depose the prescribing physicians for 132 plaintiffs. (Doc. 485, at 3). The parties were directed to file individual reports providing specific information related to the plaintiff's claim and summarizing each deposition. *Id.* The reports are due fourteen days after the completion of each of the individual depositions. As of the date of this Order, the Court has received approximately fourteen summarized reports.

It is now clear to the undersigned that batching cases together along common issues of fact and law is the only way to effectively, efficiently, and justly move through the volume of cases before the Court. The failure of the bellwether approach requires the Court to proceed with joint trials resolving as many common issues as possible for as many plaintiffs with each trial. *See In re Abbott Labs., Inc.*, 698 F.3d 568, 573 (7th Cir. 2012) ("[w]e agree with Abbott that it is difficult to see how a trial court could consolidate the cases as requested by

---

[2] Assuming the Court holds nothing but Depakote litigation trials 365 days a year, if all 698 plaintiffs proceed to separate fifteen day trials, it will take the undersigned far past the end of her career to resolve all of the cases currently on the docket.

plaintiffs and not hold a joint trial or an exemplar trial with the legal issues applied to the remaining cases.")

While holding the three remaining bellwether trials will resolve the three individual plaintiffs' cases, proceeding in such a fashion will all but guarantee that other claims go unresolved for decades. Accordingly, to allow the parties to focus on the completion of the prescriber depositions and to allow for the identification and consolidation of issues to be jointly tried, the Court hereby **VACATES** the trial dates of: (1) H.B. and parent Stacy Bartolini, 12-cv-0053; (2) T.C. and parent Kayla Rose McGuinness-Colon, 12-cv-0694; and (3) E.R.G. and parent Christina Raquel, 12-cv-0055.[3] Consequently, the pending pretrial motions specifically related to each of these three cases are hereby **DENIED** without prejudice to be refiled at a later date. Similarly, the pretrial motions in case number 15-cv-702 and 14-cv-847 are also **DENIED** without prejudice to be refiled at a later date; however, Plaintiff's Motions to Show Good Cause Regarding Sealed Documents (Docs. 94, 98, 149) in case No. 15-cv-702 are **GRANTED**. The Court will provide further guidance related to each of the denied motions in a subsequent order.

The Court recognizes that three of the bellwether cases were prepped for October and November trial dates. It is the Court's intention to analyze the bellwether cases on an expedited basis along with the other pending cases (with the benefit of reports from prescriber depositions) for common issues to determine the most efficient, effective, and just way to proceed. As stated in a previous order, it is the Court's intention that the majority of the cases on her docket will be tried by the end of 2017. Thus, the parameters of joint trials will be identified as soon as possible, with a corresponding schedule for updated discovery

---

[3] A fourth bellwether case, *J.F., a minor, by Beatrice Sifuentes as next friend of J.F., v. Abbott Laboratories Inc.*, No. 14-cv-847 (S.D. Ill. 2014), was also continued due to the sudden unavailability of Plaintiff's expert. (Doc. 550) (explaining that an international family emergency precluded the attendance of Dr. Bodamer).

and motion practice related to those trials.

And finally, because the Court is advised by Magistrate Judge Williams that it is unlikely the parties will complete the 132 prescriber depositions by the current deadline for doing so, the deadline is *sua sponte* **EXTENDED** until **November 7, 2016**.

## CASE CONSOLIDATION

On March 14, 2013, Judge Murphy entered an Order consolidating the original fifteen Depakote litigation cases under Federal Rule of Civil Procedure 42 and all future similarly related cases.[4] (Doc. 73). Since Judge Murphy entered the consolidation order, over 117 cases have been filed in this district, under separate diversity jurisdiction, alleging injury by Abbott's product, Depakote. Many of the cases have already been consolidated with the lead case. *See* Exhibit B (listing all of the Depakote litigation cases consolidated with the lead 12-cv-52 case.) The Court finds that the remaining cases set forth in Exhibit A present common issues of fact or law. In an effort to streamline and clarify filing and docketing in the Depakote litigation cases, the Court orders the following:

1. Case No. 12-cv-52-NJR-SCW, *Alexander et al., v. Abbott Laboratories Inc.*, is hereby designated as the lead case for claims involving Depakote litigation. All of the cases in Exhibit A will be consolidated, and any cases filed hereafter will be considered "tag along" cases.

2. All other cases involving Depakote litigation, including the cases noted in Exhibit A, are to be related to the lead case.

3. Generally, filings that relate to the Depakote litigation are to be filed in the

---

[4] The consolidated cases included:
12cv00052-GPM-PMF; 12cv00053-GPM-PMF; 12cv00054-GPM-PMF; 12cv00055-GPM-PMF;
12cv00056-GPM-PMF; 12cv00057-GPM-PMF; 12cv00163-GPM-PMF; 12cv00694-GPM-PMF;
12cv00824-GPM-PMF; 12cv00978-GPM-PMF; 12cv01091-GPM-PMF; 12cv01216-GPM-PMF;
13cv00082-GPM-PMF; 13cv00134-GPM-PMF; and 13cv00135-GPM-PMF.

lead case using Civil Case No. 12-cv-52-NJR-SCW. Non-exhaustive examples include motions related to scheduling and discovery motions that raise issues relevant to more than one related case.

4. Filings that are specific to an individual plaintiff, and not to other Depakote litigation cases, are to be filed in their individual cases specific to each plaintiff or plaintiffs. Non-exhaustive examples include joint or unopposed motions for leave to file an amended complaint, notifications of death, motions to substitute a plaintiff, and declarations of proposed interim estate representatives.

5. Minute entries for hearings generally applicable to all Depakote cases (*i.e.*, motion and status hearings and case management conferences) will be docketed in the lead case only.

6. Minute entries for matters that are not generally applicable to all Depakote cases will only be docketed in the individual case and not in the lead case.

7. Court orders generally applicable to all Depakote cases will be docketed in the lead case only. No other generally applicable orders will be docketed in the individual cases following issuance of this Order.

8. Court orders that are applicable only to an individual plaintiff or plaintiffs will be docketed in the individual case only.

9. Counsel in individual cases are instructed to associate themselves with the lead case if they have not already done so by filing a notice of appearance in the lead case.

10. New complaints involving the Depakote litigation are to be filed as their own individual case and will be deemed related to Case No. 12-cv-52-NJR-SCW.

11. Currently, when filing an entry on CM/ECF relating to the plaintiffs, the

parties are listing the names of *every plaintiff* in the text of the minute entry. *See e.g.,* (Docs. 470, 487). This practice is contributing to the unwieldly nature of the electronic docket.[5] Therefore, any plaintiff making a docket entry on 12-cv-52-NJR-SCW shall edit the text of the minute entry to read "filed by Plaintiffs" in place of each individual plaintiff. Defendants shall also edit their minute entry text before filing to ensure they are using the short form "plaintiffs" instead of listing each individual plaintiff. The Court will continue to review each individual motion to ensure there is no confusion as to the nature of the motions or the parties to which they apply.

12. New counsel for tag along cases, including cases filed originally in the Southern District of Illinois, filed after the date of this Order shall be responsible for checking the lead case for all orders previously filed that may have relevance to such new cases filed.

### APPOINTMENT OF PLAINTIFFS' LEADERSHIP COUNSEL

The Depakote litigation cases originated as a "mass action" removed under the Class Action Fairness Act of 2005. (Doc. 2). Pretrial management efforts have been frustrated by three distinctive features of this litigation: (1) as a "mass action" the cases present the complexity of a class action without the beneficial tools of Rule 23 typically utilized to conserve judicial economy; (2) the vast majority of cases were originally filed in this district presenting independent diversity jurisdiction and thereby avoiding the multidistrict litigation ("MDL") appointment process;[6] and (3) the scope of the litigation was not immediately known as the cases have slowly, but continually, trickled in since 2012. The

---

[5] As of the date of this Order the docket has reached 1,002 pages. A single entry listing each individual claimant's name adds four additional pages to the docket.

[6] This Court is only aware of a handful of Depakote litigation cases filed in other districts.

result is a docket that has significantly taxed the resources of this Court.

The Manual for Complex Litigation proscribes a number of tools a district court can utilize to bring order to large complex cases involving multiple plaintiffs represented by different attorneys. *See* § 10.221, *The Manual for Complex Litigation,* Fourth (2004). Consequently, the Court will be establishing a Plaintiffs' Leadership Counsel and soliciting names for Lead and/or Liaison counsel by separate order. Plaintiffs need not submit any names or filings related to the Leadership Counsel until directed by the Court.

The Clerk of Court is **DIRECTED** to file this Order in Case No. 12-cv-52-NJR-SCW and all cases listed in Exhibit A to this Order.

**IT IS SO ORDERED.**

**DATED:** September 20, 2016

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**